NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE TASHIRO-TOWNLEY; SCOTT C. TOWNLEY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF NEW YORK MELLON CORP., as Trustee for the Certificateholders CWL, Inc. Asset Backed Certificates, Series 2005-10; et al., <br><br> Defendants-Appellees. | No. 16-35590 <br><br> D.C. No. 2:10-cv-01720-JCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Stephanie Tashiro-Townley and Scott C. Townley appeal pro se from the

district court's judgment dismissing their diversity action related to their claim

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under the Washington Consumer Protection Act ("WCPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1071-72 (9th Cir. 2005). We affirm.

The district court properly dismissed appellants' action because appellants failed to allege facts sufficient to show that defendants engaged in an unfair or deceptive act that caused appellants' injury. *See Bavand v. OneWest Bank*, 385 P.3d 233, 247-48 (Wash. Ct. App. 2016) (setting forth elements for challenges under the WCPA); *see also* Wash Rev. Code. § 61.24.30(4) (setting forth shortened notice requirements for a trustee's sale conducted after a federal bankruptcy stay is lifted); *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 52 (Wash. 2012) (en banc) (explaining that "the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury").

The district court did not abuse its discretion by denying appellants leave to file a second amended complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

We reject as without merit appellants' contentions regarding equal

protection and due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**